IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY,<br>　　　　*Plaintiff*<br><br>-vs-<br><br>CJI PIPING AND FABRICATION, LLC, JEREMY HOBSON, AMY ABBOTT-HOBSON,<br>　　　　*Defendants* | §§§§§§§§§§ | SA-24-CV-00668-XR |

**ORDER**

On this date, the Court considered the status of this case. Plaintiff filed its complaint in June 2024, seeking damages arising out of breach of an Indemnity Agreement related to bonds for a commercial construction project contract. ECF No. 1 at 7. Defendant did not respond, so this Court ordered Plaintiff to move for Entry of Default and Default Judgment. ECF No. 7. Plaintiff did so. ECF Nos 8, 10, 11.

When a party is seeking entry of default judgment under Rule 55, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001). It does so here by looking at the Complaint. Here, the basis for the Court's jurisdiction is diversity under 28 U.S.C. § 1332. ECF No. 1 ¶ 6. Plaintiff is a citizen of Ohio, and the individual Defendants are citizens of Texas. *Id.* ¶¶ 1, 3, 4. The remaining Defendant—CJI Piping and Fabrication—is an LLC.

The citizenship of each of its constituent members determines the citizenship of an LLC. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080–81 (5th Cir. 2008). "[A] party must continue to trace through the organizational layers of membership until only corporations and natural persons are reached." *Integrated Maquila Solutions, LLC v. Compass Electronics*

*Solutions, LLC*, No. 19-CV-305-KC, 2019 WL 13191994, at *1 (W.D. Tex. Dec. 18, 2019). Where a party pleads jurisdictional allegations on information and belief in support of a default judgment, they must demonstrate "(1) the citizenship of each member of the defendant LLC is a fact within that defendant's control, and (2) the plaintiff made a good-faith attempt to learn these facts pled on information and belief." *Randall Powers Co. v. Reyes Auto. Grp. II, LLC*, No. SA-23-CV-01537-XR, 2024 WL 1520972, at *2 (W.D. Tex. Apr. 8, 2024).

Here, Plaintiff must allege the citizenship of each of CJI Piping and Fabrication LLC's members. But Plaintiff merely stated that CJI Piping and Fabrication, LLC "is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business located in San Antonio, Bexar County, Texas." ECF No. 1 at 1. This is irrelevant. Plaintiff's allegation fails to allege the citizenship of its members or trace through the organizational layers of membership. Nor does Plaintiff allege citizenship on information and belief and demonstrate a good-faith attempt to learn the facts pled.

For the foregoing reasons, Plaintiff is **ORDERED** to file an amended complaint pursuant to 28 U.S.C. § 1653 to properly allege diversity jurisdiction.[1] If Plaintiff is unable to properly trace CJI Piping and Fabrication LLC's citizenship, Plaintiff is further **ORDERED** to show, by affidavit, what steps it took to ascertain the citizenship of its members.

It is so **ORDERED**.

---

[1] The Court notes that while Plaintiff need not serve Defendants with its amended complaint unless that pleading asserts a new claim, it must file a new motion for the Clerk's entry of default and motion for default judgment. *See PGM of Texas, LLC v. Great Glory Cores*, No. 1:23-CV-709-RP-SH, 2024 WL 2131485, at *2 (W.D. Tex. May 13, 2024).

**SIGNED** this 4th day of March, 2025.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE